UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DARRYL SMITH, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:02CV68 JCH |
| ) | |
| LARRY ROWLEY, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Alton Thompson's Motion for Summary Judgment, filed March 28, 2006.[1] (Doc. No. 63). Plaintiff has not responded to the motion.[2]

## BACKGROUND

By way of background, at all times relevant to this Complaint Plaintiff Darryl Smith was incarcerated at the Northeast Correctional Center ("NECC"). Further, at all relevant times Defendant Thompson was employed by the Missouri Department of Corrections as a Major, Corrections Supervisor II, at Northeast Correctional Center.

On November 27, 2000, Plaintiff was issued a Lay-In/Medical/Duty Restrictions form, stating that Plaintiff needed handicapped facilities. (Doc. No. 35, attached Exh. 2). On June 5, 2001, Plaintiff was issued a new Lay-In/Medical/Duty Restrictions form containing the following permanent restrictions: (1) No Prolonged Standing Assignments; (2) Lifting Restrictions of 25 Pounds; (3) No

---

[1] In an Order entered May 12, 2004, this Court dismissed Plaintiff's claims against Defendants Larry Rowley, Dennis Ziese, and Carlos Sampson. (Doc. No. 37).

[2] Plaintiff did file a response to Defendants Rowley, Ziese, and Sampson's Motion for Summary Judgment. (Doc. No. 35). At times, the Court refers to both the earlier Motion for Summary Judgment and Plaintiff's response thereto in this Order.

High Places or Use of Ladders; (4) No Use of Chainsaws or Other Sharp Objects; (5) No Snow Shoveling; and (6) Requires Lower Bunk. (Doc. No. 34, Affidavit of Larry Rowley, attached Exh. A). The new Lay-In/Medical/Duty Restrictions form did not indicate Plaintiff required a lower walk cell[3], nor did it contain the previous requirement that Plaintiff be provided handicapped facilities. (Id.).

In his Complaint, filed November 4, 2002, Plaintiff alleges that on September 18, 2001, he was moved from a lower walk cell to an upper walk cell. (Compl., Statement of Facts, ¶ 2). With respect to Defendant Thompson, Plaintiff alleges only that he, "spoke with Defendant Alton, Major, and he refuse[d] to correct the problem." (Id., ¶ 5). Plaintiff's Informal Resolution Request, Grievance, and Grievance Appeal on the issue all were denied. (Id., ¶¶ 6-9).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

---

[3] The Court notes that Plaintiff attached to his Memorandum in Opposition to Defendants Rowley, Ziese, and Sampson's Motion for Summary Judgment a Lay-In/Medical/Duty Restrictions form specifically indicating that Plaintiff required a lower floor cell. (Doc. No. 35, attached Exh. 1). The Court further notes, however, that the form was issued on January 10, 2003, more than one year after the events at issue in this suit, and thus is irrelevant for purposes of the Court's analysis.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

In his Motion for Summary Judgment, Defendant Thompson maintains Plaintiff's claims must be dismissed, as he fails to establish an Eighth Amendment claim for deliberate indifference to a serious medical need. (Memorandum in Support of Defendant Thompson's Motion for Summary Judgment ("Defendant's Memo in Support"), PP. 3-4). The Eighth Circuit has held that, "[t]he Eighth Amendment requires prison officials to provide humane conditions of confinement, and [o]ne condition of confinement is the medical attention given to a prisoner." Aswegan v. Henry, 49 F.3d 461, 463-64 (8th Cir. 1995) (internal quotations and citations omitted). "[A] prison official violates the Eighth Amendment by being deliberately indifferent *either* to a prisoner's *existing* serious medical needs *or* to conditions posing a substantial risk of serious *future* harm." Id. at 464 (internal quotations and citation omitted) (emphasis in original).

> There is both an objective and subjective component to a claim of deliberate indifference. A plaintiff must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.

- 3 -

Tlamka v. Serrell, 244 F.3d 628, 633 (8th Cir. 2001) (internal quotations and citation omitted).

Upon consideration, the Court need not decide whether Plaintiff's allegations satisfy the objective component of an Eighth Amendment violation, as it is clear from the evidence presented they do not meet the subjective requirements. A prison official may be found "deliberately indifferent" only if he, "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). In the instant case Defendant Thompson testified as follows:

1. I am currently, and have been since July 2000, a Corrections Supervisor II ("CS II"), commonly referred to as Major, at Northeast Correctional Center ("NECC") in Bowling Green, Missouri. As a CS II, I am also the Chief of Custody at NECC.

2. As Chief of Custody, I am responsible for the safety and security of the institution. My duties include supervision of all the custody staff at NECC. I do not make any cell assignments at NECC, unless it is an emergency situation involving the safety and security of the institution. This occurs when offenders are assigned to administrative segregation. All other offender cell assignments are typically done by classification staff.

3. I did not make the initial decision to move plaintiff [Darryl] Smith to the upper level walk in HU 3 at NECC in September 2001. HU 3 is not an administrative segregation housing unit.

4. I had no prior knowledge or indication that Smith was likely to fall down the steps and hurt himself when he was moved to the upper level walk in HU 3 in 2001.

5. I do not recall Smith complaining to me before his fall that he wanted to be moved to the lower level because he had a disability. If he did complain to me, my normal course of action would have been to refer him to the classification staff, since such action would not have involved the safety and security of the institution.

(Doc. No. 64-2). Plaintiff has not disputed the assertions in Defendant Thompson's Affidavit. Further, it is undisputed that the Lay-In/Medical/Duty Restrictions form in effect for Plaintiff during the relevant time period did not state that Plaintiff required a lower floor cell, despite the fact that such a limitation was specifically available on the form. (Doc. No. 34, Affidavit of Carlos Sampson, attached Exh. A). The Court thus finds no evidence that Defendant Thompson knew of, but deliberately disregarded, Plaintiff's serious medical needs, and so Defendant's Motion for Summary Judgment must be granted.[4]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alton Thompson's Motion for Summary Judgment (Doc. No. 63) is **GRANTED**, and Plaintiff's claims against Defendant Thompson are dismissed with prejudice.[5] An appropriate Judgment will accompany this Memorandum and Order.

Dated this 26th day of June, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] In light of the Court's above ruling, it need not address Defendant's assertions that Plaintiff's claims are barred by the Eleventh Amendment, and that Defendant Thompson is protected by qualified immunity. (Defendant's Memo in Support, PP. 4-7).

[5] As noted above, Plaintiff's claims against all other Defendants have previously been dismissed.